12-3143
Morris v. Rosen

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand fourteen.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges.*

------------------------------------------------------------------------

PEGGY MORRIS,
*Plaintiff-Appellant*,

v.                                                                No. 12-3143-cv

SHELDON J. ROSEN, ESQ., MARIBEL TEJADA BOLIVAR, ROCHDALE VILLAGE, INC., SHELDON J. ROSEN, P.C., MICHAEL J. MOTTO,
*Defendants-Appellees*,

MICHAEL J. PINCKNEY, GILBERT O. BADILLO, ANNE KATZ, LISA PETERSON, MARSHALL & SHERIFF BUREAU, DEPARTMENT OF SOCIAL SERVICES, ADULT PROTECTIVE SERVICES, ALAN BARNES, BRUCE A. SMITH, LEROY COMRIE, RUBEN WILLS, GREGORY MEEKS, MALCOLM SMITH, SHIRLEY HUNTLEY, JOHN DOE, 1 TO 10, JANE DOE, 1 TO 10, JONATHAN LIPPMAN, CHIEF ADMINISTRATIVE JUDGE, FERN A. FISHER, DEPUTY CHIEF ADMINISTRATIVE JUDGE, NEW YORK STATE DIVISION OF HOUSING AND

COMMUNITY RENEWAL, NEW YORK CITY DEPARTMENT OF INVESTIGATION, NEW YORK CITY HUMAN RESOURCES ADMINISTRATION, GEORGE G. ESSOCK, NEW YORK CITY MARSHAL, LINDA GIBBS, DEPUTY MAYOR,

*Defendants.*[*]

-----------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | Peggy Lee Morris, <u>pro se</u>, St. Albans, New York. |
| FOR APPELLEES: | A. Michael Furman, Eric Daniel Mercurio, Furman Kornfeld & Brennan LLP, New York, New York, *for Appellees Sheldon J. Rosen, P.C., Sheldon J. Rosen, Esq., and Maribel Tejada Bolivar.* |
| | Robert Louis Bernstein, Jr., Baker Greenspan & Bernstein, Bellmore, New York, *for Appellee Rochdale Village, Inc.* |
| FOR AMICUS CURIAE STATE OF NEW YORK: | Steven C. Wu, Deputy Solicitor General; Jason Harrow, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 3, 2012, is AFFIRMED.

<u>Pro se</u> plaintiff Peggy Morris, who sued for alleged due process violations in her eviction, appeals from the <u>sua sponte</u> dismissal of her complaint for lack of subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine. <u>See</u> Fed. R. Civ. P. 12(b)(1). We review <u>de novo</u> a district court's dismissal of an action for lack of subject matter jurisdiction based on <u>Rooker-Feldman</u>. <u>See</u> Hoblock v. Albany Cnty. Bd. of Elections,

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

2

422 F.3d 77, 83 (2d Cir. 2005). We assume familiarity with the facts and underlying proceedings, which we reference only as necessary to explain our decision to affirm.

Under the Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction over certain claims that seek review of adverse state court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) (holding that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"). Specifically,

> Rooker-Feldman directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced.

McKithen v. Brown, 626 F.3d 143, 154 (2d Cir. 2010); see Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284 (2005).

On independent review, we conclude that the district court correctly ruled that Morris's claims were barred by Rooker-Feldman because (1) Morris lost in a state court holdover proceeding; (2) her alleged injuries stem directly from the state court's adverse judgment in that proceeding granting possession of the apartment occupied by Morris to defendant Rochdale Village, Inc. ("Rochdale"); (3) Morris's federal complaint invited review of the state court judgment because her claim—that her due process rights were violated when she was evicted from her Rochdale apartment—was expressly rejected by

3

the state court; and (4) Morris filed this action in the district court after the adverse state court judgment had been rendered.

In sum, because Morris's claimed injury stems from the adverse state court holdover judgment, review of that judgment is precluded by Rooker-Feldman.  See Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d at 87 (stating that Rooker-Feldman precludes federal consideration of claim "complaining of an injury caused by the state judgment and seeking its reversal").

We have considered Morris's remaining arguments and find them to be without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4